UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAKKAR, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00338 |
| BELLICUM PHARMACEUTICALS, INC., *et al*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff John Sodec, Jr.'s ("Sodec") Motion for Appointment as Lead Counsel (Doc. #14), Plaintiffs' David Kim ("Kim"), Linda Silberstein ("Silberstein"), Francisco Dos Ramos Alvarado ("Alvarado"), and Robert Kennard ("Kennard") (collectively "Bellicum Investor Group") Motion to for Appointment as Lead Counsel (Doc. #15), and Plaintiff Dong Kang's ("Kang") Motion for Appointment as Lead Counsel (Doc. #17). The Court reviewed all supporting documents related to the various competing Motions (Doc. #16, 20–23). Additionally, the Court heard oral argument on the Plaintiffs' Motions. After reviewing the parties' arguments and applicable legal authority, the Court grants Bellicum Investor Group's Motion.

I.  **Background**

This is a federal securities class action brought on behalf of investors who purchased publicly traded securities of Bellicum Pharmaceuticals, Inc. ("Defendant") between May 8, 2017 to January 30, 2018 (the "Class Period"). The class is "seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials." Doc. #1 at 1–2.

The case *Rudy v. Bellicum Pharmaceuticals, Inc. et al.*, Civ. No. H-18-000795 (S.D. Tex.) ("*Rudy*") was consolidated into this case.

## II. Legal Standard

The Private Securities Litigation Reform Act ("PSLRA") sets forth the procedure for choosing a lead plaintiff in securities class actions. 15 U.S.C. § 78u–4(a)(3)(B). After notice has been given to class members and the cases have been consolidated, the Court is to appoint a lead plaintiff "[a]s soon as practicable." *Id.* at § 78u–4(a)(3)(B)(ii).

Section 21D(a)(3)(B) of the amended Exchange Act requires the Court to adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(iii)(I).

If a presumption is created that a party is the most adequate lead plaintiff, it "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either 1) "will not fairly and adequately protect the interests of the class"; or 2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

## III. Analysis

None of the Movants filed either the complaint in this case or the *Rudy* complaint, but each made a timely motion to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(A) ("no

2

later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."). Notice concerning the pendency of this lawsuit was published on *Globe Newswire* and none of the moving parties challenged the adequacy of the notice. *See* Doc. #14, Ex.2. Because each Movant timely filed their Motion for Appointment as Lead Plaintiff, the Court turns to the two remaining elements of the presumption.

## A. Largest Financial Interest

"The PSLRA does not delineate a procedure for determining the 'largest financial interest' among the proposed class members." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002). However, four factors courts find relevant to the calculation of the largest financial interest are 1) the number of shares purchased; 2) the number of net shares purchased; 3) the total net funds expended by the plaintiffs during the class period; and 4) the approximate losses suffered by the plaintiffs. *Id.* Courts place the greatest emphasis on the fourth factor, financial loss suffered by the plaintiffs. *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 420 (E.D.N.Y. 2018).

Under these criteria, Bellicum Investor Group has the largest financial interest. Collectively its members suffered $420,806 in losses.[1] Doc. #16, Ex. 2. As to the other Movants, Plaintiff Sodec suffered $57,604.78 in losses and Plaintiff Kang suffered $95,452.17 in losses. Doc. #14, Ex. 4; Doc. #17, Ex. 4. On each measure—losses suffered, total shares, net shares purchased, and net funds expended—Bellicum Investor Group's expenditures or losses is greater than the other two Movants. *Compare* Doc. #16, Ex. 2 *with* Doc. #17, Ex.4 *and* Doc. #14, Ex. 4.

---

[1] Plaintiff Kim suffered $255,820 in losses, Plaintiff Silberstein lost $95,023, Plaintiff Alvarado lost $36,708, and Plaintiff Kennard lost $33,255.

3

Ex. 4. Accordingly, Bellicum Investor Group suffered the largest financial loss and therefore has the largest financial interest in the relief sought by the class.

### B. Rule 23

After determining the largest financial interest, the Court must then ensure that the persons with the largest financial interest "otherwise satisfies the requirement of Rule 23." 15 U.S.C. § 78u–4(a)(3)(iii)(I)(cc). "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule 23's requirements—typicality and adequacy—are satisfied." *In re Sequans*, 289 F. Supp. 3d at 422 (citations omitted).

#### i. Typicality

"Typicality is satisfied if the class representatives' claims or defenses are typical of, but not necessarily identical to, those of the class; class representatives should have the same interests and have suffered the same injuries as others in the class, and the representatives' and class members' claims need only share the same essential characteristics." *In re Enron Corp. Sec.*, 529 F. Supp. 2d 644, 673 (S.D. Tex. 2006). There is no dispute among the Movants that each of their claims arises out of the same course events—allegedly false and misleading statements concerning the Defendants' product, BPX-501. Each Movant will make similar arguments that Defendants violated various provisions of the Exchange Act. Accordingly, the Court concludes that Bellicum Investor Group, the class members with the largest financial interest, have satisfied their burden to make a preliminary showing of typicality.

#### ii Adequacy

The contention between the Movants is concerning the adequacy of Bellicum Investor Group. Specifically, Plaintiff Kang challenges Bellicum Investor Group's ability to adequately

4

represent the class because it is "an uncohesive group" of four people living in four different states and is represented by two law firms. Doc. #21. Bellicum Investor Group argues that the group "is a small, cohesive partnership of four investors, each of whom incurred significant losses in connection with their purchases of Bellicum securities, and each of whom understands and is prepared to execute the responsibilities of lead plaintiff." Doc. #20 at 2. Plaintiff Sodec does not challenge the adequacy of either of the other Plaintiffs to represent the class.

The standard for determining adequacy requires "an inquiry into 1) the zeal and competence of the representatives' counsel and 2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (cleaned up). Additionally, the PSLRA "requires that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Id.* (quoting *Berger*, 257 F.3d at 483) (cleaned up).

Bellicum Investor Group is represented by two law firms, Pomerantz LLP and Federman & Sherwood, and each appears to be qualified and experienced counsel who have litigated numerous class actions. *See* Doc. #16, Ex. 5–6 (noting both firms have represented parties in securities actions in the Southern District of Texas). This appears to be a common class action based upon alleged violations of the Exchange Act. The Court concludes that counsel would be able to competently represent the class in this litigation. Nothing about their interests appears to be antagonistic to the interests of other class members. Finally, as noted Bellicum Investor Group suffered a significant loss and thus has a sufficient financial interest in the case's outcome to suggest that they will pursue the case zealously.

Plaintiff Kang does not challenge the competence of Bellicum Investor Group's counsel, rather he challenges the cohesion of the group. Plaintiff Kang argues that the Bellicum Investor Group is a "cobbled together group of unrelated people" who have no pre-litigation relationship aside from losing their investments. Doc. #21 at 14. "A plaintiff group will generally be rejected if the court determines that it is 'simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff.'" *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015). However, the PSLRA expressly allows for a "person or group of persons" to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Furthermore, the "PSLRA does not define what a 'group' can or should be, nor how its 'members' must be related to one another." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). In fact, "[t]he majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class." *In re Sequans*, 289 F. Supp. 3d at 423 (citing *Varghes.*, 589 F. Supp. 2d at 392). In making such a determination, courts have examined: "(i) the size of the [group]; (ii) any evidence that the group was formed in bad faith; and (iii) the relationship between the parties." *In re Sequans*, 289 F. Supp. 3d at 423 (citing *Barnet v. Elan* Corp., 236 F.R.D. 158, 162 (S.D.N.Y. 2005)).

As to the size of the group, the Fifth Circuit noted "that the Securities and Exchange Commission has taken the position that a group of investors appointed to serve as lead plaintiffs ordinarily should comprise *no more than three to five persons*." *Berger*, 257 F.3d at 478 n.2 (5th Cir. 2001) (citing *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C.1999)) (emphasis added). The Circuit's concern was with large groups (*e.g.*, groups of twenty or thirty-nine

members) that "were previously unaffiliated, each of whom have suffered modest losses, and who thus have no demonstrated incentive or ability to work together to control the litigation." *Id.* Likewise, the case that Plaintiff Kang relies upon for the argument that Bellicum Investor Group is not an adequate lead plaintiff, *Abouzied v. Applied Optoelectronics, Inc.*, No. 4.17-CV-2399, 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018), involved a larger group, consisting of twelve members (three married couples, one unrelated individual, and one representative of five different entities). This larger group of unrelated people triggered the concerns raised by the Fifth Circuit in *Berger* concerning the size of the group indicating less incentive or ability to work together. *See Abouzied*, 2018 WL 539362, at *4.

However, the Bellicum Investor Group is a small group of four people, one of whom has the largest loss of all the Movants, Plaintiff Kim. Plaintiff Kim alone suffered a loss of $255,820 (double Plaintiff Kang's loss of $95,452.17).[2] Therefore, the group is not too large and there is no evidence that it was formed in bad faith—it was not a group brought together in order to manufacture the greatest financial loss. *See Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, at *6 (E.D. Tex. Aug. 31, 2017) ("[t]he individual losses of both [members] surpass those of any other putative lead plaintiff here . . ." which "removes any real concern that this group of two class members was formed only to manufacture the greatest financial interest in order to be appointed lead plaintiff, and each individual plaintiff will remain invested in the outcome of the litigation."). Accordingly, because the members of the Bellicum Investor Group (particularly Plaintiff Kim and Plaintiff Silberstein) have the greatest

---

[2] Additionally, the Court notes the second largest individual loss within the Bellicum Investor Group is Plaintiff Silberstein who lost $95,023—nearly the same amount lost by Plaintiff Kang.

individual financial interests in this litigation, the group members have the incentive to remain invested in the litigation and represent the interests of the class.

Plaintiff Kang's primary argument against the adequacy of Bellicum Investor Group is that the group has no pre-litigation relationship outside of investment losses. However, "[a]ny lingering uncertainty, with respect to the adequacy standard in securities fraud class actions, has been conclusively resolved by the PSLRA's requirement that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Berger*, 257 F.3d at 483 (5th Cir. 2001). "[A] group may submit evidence to suggest that even though the individuals are unrelated, the group is still able to act cohesively, effectively manage the litigation, and adequately represent the class." *Oklahoma Law Enf't Ret. Sys*, 2017 WL 3780164, at *5. Here, the Bellicum Investor Group submitted evidence concerning the group member's ability and willingness to cohesively manage the litigation and represent the class. *See* Doc. #16, Ex. 4. The joint declaration submitted by the group demonstrates their plan to "coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class." Doc. #20 at 5; *see also* Doc. #16 at 3–4 (noting plans for group communications, collaboration, and management of the litigation). Furthermore, the four members are informed and experienced investors.[3]

Accordingly, for the aforementioned reasons, the Court finds Bellicum Investor Group meets the presumption that the group is the most adequate lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(iii)(I).

---

[3] Two of the members are doctors, one is an attorney, and one member holds a master's degree in environmental sciences from Yale University. The evidence suggests that the members are informed and able to direct the litigation. Doc. #16, Ex. 4; Doc. #35, Tr. 7:7-7:21.

### C. Rebuttable Presumption

The presumption may be rebutted with evidence that the group "will not fairly and adequately protect the interests of the class or that they are subject to some unique defenses that would render them incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Plaintiff Kang's argument against Bellicum Investor Group as the presumptively most adequate lead plaintiff is that the group has no pre-litigation relationship which Plaintiff Kang argues means the group is a "lawyer-driven" group simply "cobbled together" to qualify as lead plaintiff in this case. However, as explained none of the concerns raised by Plaintiff Kang rise to the level of suggesting that the group cannot fairly and adequately protect the class members' interests. Again, the Court emphasizes that one of the members of the Bellicum Investor Group alone has over double the largest single loss of all the individual investor Movants. Adding the three other individual investors to serve as co-lead plaintiff does not render the group inadequate. *See In re Sequans*, 289 F. Supp. 3d at 426. Plaintiff Kang presented no evidence that the group will not fairly and adequately represent the class. Additionally, the Court notes that the group outlined the procedure by which any potential disputes between group members would be handled should a disagreement between group members arise during the course of litigation. Doc. #16, Ex. 4 at 4 ¶ 9. Furthermore, there is no suggestion that the group members are subject to unique defenses that would render them incapable of representing the class.

### IV. Selection of Counsel

Under the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). Bellicum Investor Group is represented by Pomerantz LLP and Federman & Sherwood. As discussed, both

in this district to serve as lead counsel. *See* Doc. #16, Ex. 5–6. Furthermore, this district has previously allowed two law firms to serve as co-lead counsel in securities litigation. *See In re Landry's Seafood Rest.*, Inc., No. CIV.A. H-99-1948, 2000 WL 33999467, at *5 (S.D. Tex. Mar. 30, 2000) ("[t]he Court finds no reason not to appoint the two law firms as Co-Lead Counsel. Both clearly have broad experience in prosecuting such actions."). The Court finds that Pomerantz LLP and Federman & Sherwood have extensive experience in prosecuting securities litigation and have worked together "with efficiency and without duplication of efforts or unnecessary increase in attorney's fees." Doc. #15 at 15; Doc. #16 at 2 ¶ 2, Ex. 5–6. The Court sees no reason to not adhere to Bellicum Investor Group's choice: Pomerantz LLP and Federman & Sherwood are appointed Co–Lead Class Counsel. The Court will place as a condition on this appointment that the law firms insure that there is no duplication of services or unnecessary increase in fees.

## IV. Conclusion

For the foregoing reasons, the Court appoints Bellicum Investor Group as Lead Plaintiff and Pomerantz LLP and Federman & Sherwood as Co–Lead Class Counsel. Accordingly, Plaintiff Bellicum Investor Group's Motion (Doc. #15) is GRANTED. Plaintiff Kang and Plaintiff Sodec's Motions (Doc. #14 & Doc. #17) are DENIED.

It is so ORDERED.

**MAR 2 6 2019**

Date

The Honorable Alfred H. Bennett
United States District Judge